UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00371-SVW-PJW | Date | June 25, 2013 |
|---|---|---|---|
| Title | Patsy Taylor v. United States of America and John Doe Postal Carrier | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Paul M. Cruz | | N/A | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:** IN CHAMBERS ORDER re Motion to Dismiss [8]

## I. INTRODUCTION

On January 17, 2013, Plaintiff Patsy Taylor("Plaintiff") filed the instant action against Defendants United States of America ("Defendant") and an unnamed Postal Carrier ("Doe"). On May 6, 2013, Plaintiff filed her First Amended Complaint ("FAC") alleging the following claims for relief: (1) tort in essence for violation of Cal. Pen. Code § 647(a); (2) tort in essence for violation of Cal. Pen. Code § 314; and (3) intentional infliction of emotional distress. Defendant filed the instant Motion to Dismiss ("Motion") for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the reasons below, the motion is GRANTED.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that Doe was a postal carrier with the United States Postal Service ("USPS") who regularly delivered mail to her home in Los Angeles. (FAC ¶¶ 5-6). On May 29, 2012, Plaintiff was working on the side of her house when Doe came onto her property, exposed his penis, masturbated, and ejaculated. (Id. ¶ 7). He then laughed and returned to his USPS mail truck. (Id.). Plaintiff alleges that she has suffered severe emotional distress as a result of the incident, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. (Id. ¶ 27). On June 2, 2012, Plaintiff filed a Federal Tort Claim with the USPS and later received a response letter indicating that the matter was being investigated by Doe's supervisor. (Id. ¶ 8).

Plaintiff has brought suit against Doe individually and Defendant United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA") for the misconduct of Doe as an employee of USPS. (FAC ¶¶ 3-4). First, Plaintiff alleges that Defendants are liable for committing a

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00371-SVW-PJW | Date | June 25, 2013 |
|---|---|---|---|
| Title | Patsy Taylor v. United States of America and John Doe Postal Carrier | | |

JS-6

tort in essence in violation of Cal. Pen. Code § 647(a), which forbids lewd conduct in public, and that Postal worker owed the Plaintiff a duty to not commit a lewd sexual act in public or on her property. (Id. ¶¶ 11-14). Second, Plaintiff alleges that Defendants are liable for committing a tort in essence in violation of Cal. Pen. Code § 314, which forbids indecent exposure, and that Postal worker owed the Plaintiff a duty not to expose himself in public or on her property. (Id. ¶¶ 17-21). Finally, Plaintiff alleges that Defendants' misconduct was "outrageous in that it exceeded all possible bounds of decency," and that Defendants acted intentionally or with reckless disregard of the probability that Plaintiff would suffer emotional distress as a result. (Id. ¶¶ 24-26). Accordingly, Plaintiff seeks compensatory and non-economic damages in an amount not less than $3 million. (Id. ¶ 29).

### III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of the court to adjudicate claims in a complaint. Fed. R. Civ. Proc. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[W]hen subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to plaintiff's allegations. Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Rather, the district court may review any evidence to resolve factual disputes concerning the existence of jurisdiction without converting the motion into one for summary judgment. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

### IV.   DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction over this action because Defendant has not waived its sovereign immunity to be sued for the allegations in the FAC. Under a Rule 12(b)(1) motion, a claim must be dismissed for lack of subject matter jurisdiction when brought against a party that has not waived its sovereign immunity as to such claim. See Balser v. Dep't of Justice, 327 F.3d 903, 908 (9th Cir. 2003). Under the doctrine of sovereign immunity, "[t]he United States . . . is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584,

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00371-SVW-PJW | Date | June 25, 2013 |
|---|---|---|---|
| Title | Patsy Taylor v. United States of America and John Doe Postal Carrier | | |

JS-6

586 (1941) (internal citations omitted).

The FTCA provides a limited waiver of the sovereign immunity of the United States "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (emphasis added). Here, Defendant argues it has not waived its sovereign immunity in this case because Doe's alleged misconduct occurred outside the scope of his employment.

### A. Scope of Employment

Whether the employee was acting within the course and scope of his employment is a matter of state law. Pelletier v. Fed. Home Loan Bank of San Francisco, 968 F.2d 865, 876 (9th Cir. 1992). "Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact." Lisa M. v. Henry Mayo Newhall Memorial Hospital, 12 P.2d 358, 362 (Cal. 1995) (internal citations omitted). However, where, as here, the alleged facts are not in dispute, the question becomes one of law. See id.

It is well established in California that "an employee's willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior, even though the employer has not authorized the employee to commit crimes or intentional torts." Lisa M., 12 P.2d at 361. To be within the scope of employment, the employee's tort must have had a "causal nexus" to the employee's work. Id. In Lisa M., the California Supreme Court explained that the "causal nexus" test may be evaluated through two lens.

First, the tort must be "engendered by or arise from the work." Id. at 362. To constitute such an "outgrowth" of employment, "the risk of tortious injury must be inherent in the working environment or typical of or broadly incidental to the enterprise [the employer] has undertaken." Id. This requires something more than but-for causation. Id. ("That the employment brought tortfeasor and victim together in time and place is not enough.").

Second, and taking the first test "with a slightly different focus," the scope of employment is

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00371-SVW-PJW | Date | June 25, 2013 |
|---|---|---|---|
| Title | Patsy Taylor v. United States of America and John Doe Postal Carrier | | |

JS-6

limited by an element of foreseeability: an employer is only liable when, considering the enterprise's operations, the risk of injury is generally foreseeable – i.e., "not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." Id. (internal quotation marks omitted). Put another way, "an employer will not be held vicariously liable for an employee's malicious or tortious conduct if the employee substantially deviates from the employment duties for personal purposes." Farmers Ins. Group v. County of Santa Clara, 906 P.2d 440, 449 (Cal. 1995).

In Lisa M., the California Supreme Court held that a hospital was not vicariously liable for an ultrasound technician's sexual battery of a patient. Applying the first prong, the court explained that "[a]s with these nonsexual assaults, a sexual tort will not be considered engendered by the employment unless its motivating emotions were fairly attributable to work-related events or conditions." Lisa M., 12 P.2d at 364. The court reasoned that because the technician's job was simply to perform a diagnostic examination and record the results, "[t]he task provided no occasion for a work-related dispute or any other work-related emotional involvement with the patient." Id. The court therefore concluded that the technician's "personal motivations were not generated by or an outgrowth of workplace responsibilities, conditions, or events." Id. Second, and for the same reasons, the court determined that the technician's actions were not generally foreseeable. The court rejected the notion that the physically intimate nature of the technician's work made his tortious conduct foreseeable, holding that the fact that a job involves physical contact is insufficient to establish the foreseeability of sexual misconduct. Id. Further, the court reasoned that "[a]lthough the procedure ordered involved physical contact, it was not of a type that would be expected to, or actually did, give rise to intense emotions on either side." Id. at 365. Accordingly, the court concluded that the technician's "actions were not foreseeable from the nature of the work he was employed to perform." Id.[1]

Several other California courts similarly have refused to hold employers liable for the sexual

---

[1] The Lisa M. court also considered whether the three policy goals of the doctrine of respondeat superior required a different result: (1) preventing future injuries; (2) assuring compensation to victims; and (3) spreading the losses caused by an enterprise equitably. 12 P.2d at 366. It concluded that the first two factors were neutral because (1) it was unclear that holding the hospital liable would improve future outcomes; and (2) it was unclear whether compensation to victim would be outweighed in long run by higher insurance costs passed to patients. The court ruled that given the lack of foreseeability of the sexual assault, it would be inequitable to spread the loss to the hospital. Accordingly, the court concluded that the public policy factors did not alter its conclusion that the misconduct was outside the scope of employment.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00371-SVW-PJW | Date | June 25, 2013 |
|---|---|---|---|
| Title | Patsy Taylor v. United States of America and John Doe Postal Carrier | | |

JS-6

torts committed by their employees because the acts were outside the scope of employment.  See, e.g., Farmers Ins. Group, 906 P.2d at 444 (holding that a sheriff's lewd acts and requests for sexual favors from a coworker did not arise within the scope of his employment because such acts were "not a risk that may fairly be regarded as typical of or broadly incidental to the operation of a county jail"); M.P. v. City of Sacramento, 98 Cal. Rptr. 3d 812 (Ct. App. 2009) (city not vicariously liable for claims of assault, battery, and intentional infliction of emotional distress when two firefighters, one of which was on duty at the time, sexually assaulted a woman); Maria D. v. Westec Residential Sec., 102 Cal. Rptr. 2d 326 (Ct. App. 2000) (security company not vicariously liable for on-duty security guard's rape of a motorist); Jeffrey E. v. Cent. Baptist Church, 243 Cal. Rptr. 128 (Ct. App. 1988) (church not vicariously liable for the sexual molestation of a child by Sunday school teacher); Alma W. v. Oakland Unified School Dist., 176 Cal. Rptr. 287 (Ct. App. 1981) (school district not vicariously liable for rape of a student by a janitor).

In rare circumstances, California courts have held that an employee's sexual torts were "broadly incidental" to employment where the employee's job involved a unique dynamic, such as the authority of police officers over detainees or the special relationship between therapists and their clients.  See, e.g., Mary M. v. City of Los Angeles, 814 P.2d 1341 (Cal. 1991) (city could be vicariously liable for an on-duty police officer's rape of a detainee); Richard H. v. Larry D., 243 Cal. Rptr. 807 (Ct. App. 1988) (clinic could be vicariously liable for fraud, negligence, and negligent infliction of emotional distress where marriage therapist had sexual relations with a client).

**B.     Application**

Here, taking Plaintiff's factual allegations as true, Doe's alleged act did not arise within the scope of his employment.  Doe's sexual act was neither "typical of or broadly incidental to" his duties as a letter carrier for the USPS, Lisa M., 12 P.2d at 362, and by any measure was a "substantial deviation" from his standard duties.  Although Doe's employment may have brought him to Plaintiff's property, this is not enough to establish his act as arising within the scope of employment. Id. ("That the employment brought tortfeasor and victim together in time and place is not enough.").  There is also no allegation to indicate that Doe was motivated by anything other than personal malice.

Furthermore, the Plaintiff has not alleged that the USPS could have foreseen Doe's alleged misconduct.  Regardless, under California law, Doe's act falls squarely within the category of unforeseeable sexual acts described above.  If sexual acts are unforeseeable in a context where an employee performs work that requires "intimate" physical contact, as in Lisa M., 12 P.2d at 364, it stands to reason that, *a fortiori*, sexual acts amidst the physically attenuated interaction of mail delivery are at least as unforeseeable, if not more so.  In sum, Doe's alleged sexual misconduct was neither

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00371-SVW-PJW | Date | June 25, 2013 |
|---|---|---|---|
| Title | Patsy Taylor v. United States of America and John Doe Postal Carrier | | |

JS-6

engendered by his employment nor generally foreseeable from the nature of his enterprise. Because Doe's act was not within the scope of his employment under California law, the United States retains sovereign immunity as to Plaintiff's claims. Therefore, the Court concludes that it lacks subject matter jurisdiction and need not address Defendant's remaining arguments.[2]

**V.      CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED. Because the Court does not perceive any way that future amendment could cure the deficiency described above, the action is DISMISSED WITH PREJUDICE. The dismissal, however, shall not prejudice Plaintiff's ability to sue Doe in a non-FTCA suit.

---

[2] As in Lisa M., the policy factors underlying the doctrine of respondeat superior do not warrant a different outcome. It is unclear that holding the United States responsible will appreciably reduce recurrence of such bizarre events in the future, nor that providing compensation to victims will not be offset by greater costs to consumers. Moreover, given the lack of foreseeability of Doe's conduct, it would not be equitable to hold Defendant liable in this case.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |